UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHRYN HEMENWAY,

        Plaintiff,

v.

ALBION PUBLIC SCHOOLS,

        Defendant.

_____/

Case No. 4:05-CV-7

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on Plaintiff Kathryn Hemenway's Appeal of United States Magistrate Judge Ellen S. Carmody's November 9, 2005 Order, which denied Plaintiff's Motion for Protective Order Regarding Proposed Independent Psychological Exam.

**I.    BACKGROUND**

Plaintiff brought her Complaint under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-54 *et seq.* In 1999, Plaintiff began work in Defendant's school system as a substitute teacher. In 2002, Plaintiff changed positions and became a classroom aide for emotionally impaired students for Defendant. Sometime thereafter, Plaintiff experienced interpersonal conflicts with another classroom aide. Plaintiff claims these conflicts caused her to develop depression, situational anxiety, and aggravated her existing colitis.

In light of her condition, Plaintiff consulted Dr. Ami Shah on May 12, 2004. Dr. Shah diagnosed Plaintiff with the aforementioned maladies and issued her a note prohibiting her to work for three weeks. That same day, Plaintiff returned to Defendant's school and presented the note to Defendant's secretary. The note was copied and returned to Plaintiff. Plaintiff next spoke with

Defendant's principal and requested FMLA leave forms and was told those forms were available at Defendant's central office.

On May 13, 2004, Plaintiff requested FMLA leave forms at Defendant's central office. Plaintiff was told there were no forms available, but her request would be passed on to administrators. Plaintiff then left Defendant's school and did not return. According to Plaintiff, Defendant's superintendent knew of her FMLA request but nevertheless authored a letter to Plaintiff explaining that because Plaintiff had failed to report to work for three consecutive days or excuse her absence, Defendant considered her to have resigned. Defendant hotly disputes this point. Defendant believes—which the record arguably supports—that it is unclear as to whether its superintendent knew of Plaintiff's FMLA request before authoring the letter. Defendant believes Plaintiff resigned before requesting FMLA leave.

After receiving notice of her imputed resignation, Plaintiff asked Defendant about her FMLA request and attempted to alter or undo the resignation. Plaintiff was unable, or Defendant refused, to mitigate or reverse her imputed resignation, and the instant action followed.

## II.    STANDARD OF REVIEW

The Court reviews Judge Carmody's October 7, 2005 Order for clear error and to assure accordance of law. FED. R. CIV. P. 72(a); W.D. MICH. LCIVR 72.3(a); 28 U.S.C. § 636(b)(1)(A). In applying this standard, the Court, like any reviewing court, will not reverse Judge Carmody's Order simply because the Court "would have decided the case differently." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985). "Rather, a reviewing court must ask whether, based 'on the entire evidence,' it is 'left with the definite and firm conviction that a mistake has been committed.'" *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364,

395 (1948)). It is Plaintiff's task to convince this Court that such error resides in Judge Carmody's Order.

### III.  DISCUSSION

Judge Carmody had before her essentially two competing motions. Defendant, skeptical of Plaintiff's claims of depression, situational anxiety and colitis, moved to require Plaintiff's submission to an independent medical examination under Federal Rule of Civil Procedure 35. Plaintiff moved for a protective order prohibiting the medical exam. Judge Carmody heard oral argument on the motions and found an independent medical examination of Plaintiff proper, and by a November 9, 2005 Order, granted Defendant's motion, denied Plaintiff's motion, and permitted Plaintiff to choose the examining physician.

The Court perceives Plaintiff's principal objections to Judge Carmody's decision as follows. Plaintiff believes FMLA prohibits an employer who fails to initially request an employee's medical certification from seeking subsequent medical opinions; Rule 35 medical exams after an employee's termination violate FMLA's spirit and policy; Defendant is now equitably estopped from examining Plaintiff because of its failure to provide Plaintiff notice under 29 C.F.R. § 825.301; and, even if the Court affirms Judge Carmodys' Order, it must be reformed or clarified. The Court will address each contention in turn.

FMLA entitles eligible employees to take up to twelve weeks of unpaid leave for a qualifying medical or family event, 29 U.S.C. § 2612(a)(1), and guarantees that their position, or its equivalent, will be available upon their return to work. *Id.* § 2612(a)(1)(D). In light of these protections, the Act places reciprocal duties on employees seeking leave and requires compliance with FMLA procedures. The Act requires employees to furnish their employers with notice of their intent to take leave when

such notice is practicable. *Id.* § 2612(e). The Act permits employers to request that an employee substantiate his need for leave by certification from his health care provider. *Id.* § 2613(a). The Act also permits employers to request employees submit to a second medical opinion. *Id.* § 2613(c).

Plaintiff maintains that because Defendant never initially requested that Plaintiff certify her depression, situational anxiety and colitis under section 2613(a), Defendant is now prohibited from seeking a second opinion under section 2613(c) or Federal Rule of Civil Procedure 35. The Court disagrees.

Section 2613(a) provides that an employer ***may*** require an employee's need for leave be substantiated by certification, but does not require it must seek certification. The Secretary of Labor's accompanying regulations echo that same permissive grant. *See* 29 C.F.R. § 825.305; *id.* § 825.307. Under the plain language of section 2613(a), Defendant has the option of requesting certification but is no way obligated to do so. *Cf. Rhoads v. FDIC*, 257 F.3d 373, 385-86 (4th Cir. 2001); *Stekloff v. St. John's Mercy Health Sys.*, 218 F.3d 858, 860 (8th Cir. 2000); *see also Sorrell v. Rinker Materials Corp.*, 395 F.3d 332, 337 (6th Cir. 2005) (citing *Rhoads* and *Stekloff* with approval). Nothing in the Act or its legislative history suggests that Defendant must pursue its options under section 2613(a) or forfeit its right to later challenge whether Plaintiff suffered from a serious health condition. *Rhoads*, 257 F.3d at 386. Therefore, the Court finds that despite Defendant's failure to request certification when Plaintiff initially requested FMLA leave, Defendant is not barred from now challenging whether she suffered from a serious health condition.

Plaintiff also contends that there is nothing in the Act or the regulations that allows an employer to request a medical examination challenging an employee's serious medical condition after the employee has been terminated. While this may be true, the Court observes that there is nothing

in the Act or regulations which specifically prevents a medical examination in this context. Plaintiff's argument centers on her belief that sections 2613(a) (certification), 2613(b) (second opinion), and 2613(d) (third opinion) are designed to allow employees to keep their job if their medical conditions are challenged. According to Plaintiff, these provisions were created to prevent cynical employers from dismissing employees rather than seeking an initial verification. The Court finds that these generalizations about the Act and its purpose are not supported by its text, regulations, or legislative history. The purpose of the verification sections is to guard against employee abuse of FMLA leave. S. REP. NO. 103-3, 25-26 (1993) *reprinted in* 1993 U.S.C.C.A.N. 3, 27-28. "Section [2613] concerns certification of a serious health condition. The provision is designed as a check against employee abuse of leave under [2612](a)(1) (C) and (D). *Id.*

Furthermore, Federal Rule of Civil Procedure 35 expressly provides for just such an examination. Plaintiff has placed her medical condition in controversy and Rule 35 squarely addresses the consequence of doing so. Therefore, the Court finds that Defendant has shown good cause and can require Plaintiff to submit to a medical examination under Rule 35 even though she has been terminated by Defendant.

As for Plaintiff's next contention—that Defendant should be equitably estopped from now seeking Plaintiff's medical examination because of its notice failings—Plaintiff relies heavily on *Sorrell*, which recognized the possibility of equitable estoppel in FMLA cases. 395 F.3d at 336 (citing cases). Defendant believes equitable estoppel is not available against a government entity given the facts of this case. The Court agrees.

The Sixth Circuit Court Appeals has recently discussed principles controlling these issues and held that:

> Estoppel is an equitable doctrine which a court may invoke to avoid injustice in particular cases." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). "[T]he traditional elements of equitable estoppel are: (1) misrepresentation by the party against whom estoppel is asserted; (2) reasonable reliance on the misrepresentation by the party asserting estoppel; and (3) detriment to the party asserting estoppel." *LaBonte v. United States*, 233 F.3d 1049, 1053 (7th Cir. 2000). The government, however, "may not be estopped on the same terms as any other litigant." *Heckler v. Cmty. Health Servs. of Crawford Cty., Inc.*, 467 U.S. 51, 60 (1984). Instead, "[a] party attempting to estop the government bears a very heavy burden" in sustaining its argument. *Fisher*, 249 F.3d at 444. At a minimum, the party must demonstrate some "affirmative misconduct" by the government in addition to the other estoppel elements. *Id.* . . . "[A]ffirmative misconduct" is more than mere negligence. It is an act by the government that either intentionally or recklessly misleads the claimant. The party asserting estoppel against the government bears the burden of proving an intentional act by an agent of the government and the agent's requisite intent.

*Michigan Express Inc. v. United States*, 374 F.3d 424, 427 (6th Cir. 2004). No facts suggest any affirmative malfeasance of behalf of Defendant in its failure to supply notice within the meaning of 29 C.F.R. § 825.301. Defendant's failure to provide such statutory notice was merely negligent. Therefore, under the rubric of *Michigan Express*, the Court will not estop Defendant from seeking Plaintiff's medical examination.

As for Plaintiff's final assignment of error, Plaintiff presumes that Judge Carmody's Order is defective because it gives Plaintiff the choice of submitting to examination by either a fully licensed psychologist or a forensic psychiatrist. The Court observes that the Order was merely crafted to reflect Judge Carmody's determination that Plaintiff "may choose whether [she] want[s] to go to Ann Arbor or to the expert in Grand Rapids." (Nov. 7, 2005 Hr'g Tr. at 35). The Court does not find the Order deficient in this regard. Next, Plaintiff maintains that she believes Judge Carmody stated that once she chooses the expert, she cannot contest the expert's opinion. Judge Carmody only indicated that once Plaintiff selected the expert, she could not then go back and challenge the expert's qualifications. Plaintiff is certainly permitted to challenge the expert's

findings and methodology. The Court sees no error here. Plaintiff also assigns error to the fact that one expert is actually a team of experts. The Court observes that while the expert may rely on her associates, the expert opinion will be rendered by one expert and is otherwise congruent with Judge Carmody's Order. Lastly, Plaintiff contends that she is prejudiced by Defendant's delinquent expert identification and the burden of traveling to the examinations. Defendant has indicated that it will reimburse Plaintiff's transportation costs, (*Id.* at 31), and Plaintiff has failed to otherwise indicate how she is prejudiced. Finding no other prejudice, the Court finds Judge Carmody's Order proper.

The current swelling below the surface of all of Plaintiff's arguments on Appeal, a theme echoed throughout oral argument before Judge Carmody, is that: any examination this far removed from the incident will be unable to yield an accurate result. (*Id.* at 16). The Court finds that Plaintiff's objections to a medical examination on this ground attacks the weight of the evidence, rather than its admissibility. As such, Plaintiff will certainly have her chance to vigorously cross-examine the expert, present contrary evidence, and seek careful juror instruction as a means of attacking a shaky but admissible expert opinion. *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579, 596 (1993). Nevertheless, the Court finds that Plaintiff's medical examination is proper.

## IV. CONCLUSION

Therefore, the Court will deny Plaintiff Kathryn Hemenway's Appeal of United States Magistrate Judge Ellen S. Carmody's November 9, 2005 Order. The Court will also administratively reform Judge Carmody's Order to reflect the parties' stipulation to dismiss Count Two of Plaintiff's Complaint. (Nov. 7, 2005 Hr'g Tr. at 23). An Order consistent with this Opinion shall issue.

DATED in Kalamazoo, MI:      /s/ Richard Alan Enslen  
      January 12, 2006               RICHARD ALAN ENSLEN  
                                     SENIOR UNITED STATES DISTRICT JUDGE